21 F.3d 424
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Richard D. SANDERS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE ARMY; United States of
America, Defendants-Appellees.
 No. 93-2590.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 18, 1994.
Decided March 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-93-194-R)
 Richard D. Sanders, appellant pro se.
 Major Richard Paul Laverdure, United States Army, Arlington, VA, for appellees.
 E.D.VA.
 AFFIRMED
 Before PHILLIPS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order dismissing this action for lack of subject matter jurisdiction. We also have before us Appellees' motion to transfer the instant appeal to the Court of Appeals for the Federal Circuit and motion for an enlargement of time, pending this Court's decision, in which to file a responsive brief. For the reasons stated herein, we shall deny Appellees' motions and affirm on the reasoning of the district court. Sanders v. United States Dep't of Army, No. CA-93-194-R (E.D. Va. Nov. 22, 1993).
 
 
 2
 Appellant, a retired Army First Sergeant, initiated this action seeking a retroactive promotion and increase in his retirement benefits, $18,200 in accrued back pay, and $150,000 in punitive damages for violations of his civil rights. According to Appellant, Appellees' 1966 denial of his recommended pay grade promotion was the result of racial discrimination and an erroneous evaluation of his medical condition. The district court, noting that Appellant's claims exceeded $10,000 in amount, found that it lacked concurrent subject matter jurisdiction with the United States Claims Court under 28 U.S.C. Sec. 1346(a)(2) (1988), and dismissed Appellant's claims without prejudice.
 
 
 3
 Contrary to Appellees' arguments, the Federal Circuit lacks exclusive jurisdiction over this appeal because the district court's jurisdiction was not "based, in whole or in part," onSec. 1346, and because there was no final decision in this case from the United States Claims Court. 28 U.S.C.A. Sec. 1295(a)(2), (3) (West 1993); see Chabal v. Reagan, 822 F.2d 349, 357 (3d Cir.1987) (jurisdiction of district court dismissing claim for lack of jurisdiction under Sec. 1346 is not based "in whole or in part" on that section). The district court properly concluded that it lacked jurisdiction, because of the amount of damages sought. Chabal, 822 F.2d at 355. Hence, dismissal without prejudice was appropriate.
 
 
 4
 Based on our findings that there is neither a "want of jurisdiction" in this Court requiring transfer to the Federal Circuit, nor an "interest of justice" warranting a transfer to the Claims Court, 28 U.S.C. Sec. 1631 (1988), we shall deny Appellees' motion to transfer. We also deny Appellees' motion for extension of time, because further responsive pleadings by Appellees are unnecessary for the proper resolution of this appeal. This Court can, and indeed will, exercise appellate jurisdiction in this case to affirm the district court's disposition of Appellant's claims. While not expressing an opinion as to the merits or timeliness of Appellant's claims, we reiterate the district court's conclusion that, given the amount of damages sought by Appellant, any redress for these alleged wrongs should be sought in the United States Claims Court. 28 U.S.C.A. Sec. 1491(a)(1) (West Supp.1993).
 
 
 5
 Accordingly, we deny Appellees' motions and affirm the district court's dismissal without prejudice of Appellant's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED